Ex parte Suárez et al., Petitioners and Respondents, and The People, Contestant and Appellant.

Appeal from the District Court of San Juan, Section 1, in *Habeas Corpus* Proceedings.

No. 685.—Decided June 5, 1914.

Habeas Corpus—Discharge of Petitioners—Appeal.—A decision of a district court in *habeas corpus* proceedings may be appealed from to this court by any of the parties aggrieved, and when the discharge of the petitioners is ordered the party aggrieved is the person in whose custody the petitioners were.

Id.—Petition by Attorney General—Appeal by Fiscal from Decision Sustaining Petition—Appeal.—When, as in the case at bar, the district court sustains the application for a writ of *habeas corpus* presented by the Attorney General of Porto Rico in the name of the petitioners, The People of Porto Rico is estopped from appealing by a *fiscal* from said decision which was rendered at its instance and in its favor, and the appeal should be dismissed.

Id.—Appeal—Amicus Curiae.—The fact that the court allowed a municipal judge to appear as *amicus curiæ* is no bar to the dismissal of the appeal when the circumstances of the case so require.

The facts are stated in the opinion.

*Messrs. Wolcott H. Pitkin, Jr., Attorney General,* and *Salvador Mestre, Fiscal at Large,* for the respondents.

*Mr. Charles E. Foote, fiscal,* for the appellant.

*Mr. Eugenio Benítez Castaño, amicus curiæ.*

Mr. Justice Aldrey delivered the opinion of the court.

This proceeding was begun by a petition presented to the Judge of the District Court of San Juan, Section 1, by the Attorney General of Porto Rico and the *Fiscal* at Large for the Island in the names of Darío Suárez and Juan Gutiérrez, who, according to the record, were at that time police detectives in the employ of the Insular Government and were imprisoned in the custody of the keeper of the municipal jail of San Juan under a sentence imposed by the municipal judge

of this city for having disobeyed certain orders which he gave them to be complied with as such police detectives. The object of said petition was to secure a writ of *habeas corpus* to liberate said detectives on the ground that they were imprisoned unlawfully inasmuch as they were under no obligation to execute the said orders.

The writ was issued and the proceeding decided favorably to the petition of the Attorney General and the *Fiscal* at Large, the court ordering the discharge of the prisoners. Notwithstanding this, the assistant *fiscal* for the district of San Juan, who does not appear from the transcript of the record to have taken any part or to have represented any one in the case and who does not state in whose name he takes this appeal, filed the following notice of appeal:

"In the District Court for the Judicial District of San Juan, Section 1.

"*Ex parte* Darío Suárez    ⎱ Nos. 2 and 3.
and Juan Gutiérrez.    ⎰ *Hàbeas corpus.*

"To the Secretary of the District Court of San Juan, Section 1.

"Now comes the Assistant *Fiscal* for the District of San Juan and says:

"That desiring that the decision rendered on January 17, 1914, by the Judge of the District Court of San Juan, Section 1, in the above-entitled case be reviewed by the Supreme Court, he appeals from the said decision to the said Supreme Court.

"San Juan, January 21, 1914.

(Signed)    "J. Sifre,
"*Assistant Fiscal for the District.*

"Copy served this 21st day of January, 1914.

(Signed)    "W. H. Pitkin,
"*Attorney General of Porto Rico.*

"Salvador Mestre,
"*Fiscal at Large for Porto Rico.*"

In support of the appeal the *fiscal* of the Supreme Court filed a brief in which, after setting out the facts, he alleges

that the lower court erred in ordering the discharge of the prisoners on the ground that the municipal judge had no jurisdiction to punish the respondents for contempt for the acts committed by them, but he does not state the legal grounds on which this court should reverse the decision appealed from. This being the status of the case, before the hearing the Municipal Judge of San Juan asked leave to be heard as *amicus curiæ,* which this court granted. In view of these facts, the first question which arises and to which the attention of the attorneys was directed, is whether in fact there is any appeal before us in this case for decision.

A decision by a district court in *habeas corpus* proceedings may be appealed from to this court by any aggrieved party and as the aggrieved party in the present case is the keeper of the municipal jail of San Juan, in that he was deprived of the custody of the petitioners, he had the right of appeal but has not availed himself of it, for from the terms in which the notice of appeal is drawn up we cannot conclude that the assistant *fiscal* of San Juan brought the appeal in his name.

· It is true that when a person imprisoned under a criminal charge is released by an order of court or on bail The People of Porto Rico may appeal through the district *fiscal,* the *fiscal* of the Supreme Court, the Attorney General, or a duly authorized attorney; therefore we may assume that in the present case the assistant *fiscal* for the district of San Juan took the appeal in the name of The People of Porto Rico. However, as a matter of fact, we are confronted with the situation that the highest judicial representative of The People of Porto Rico undertook the defense of the petitioners in order to secure their discharge in the belief that they were imprisoned unlawfully and we cannot understand how a *fiscal,* who is a subordinate of the Attorney General and also a representative of The People, can appeal in the name of The People and ask for a reversal of the decision which was rendered at the instance of the representative of The People. This is

an extremely anomalous case of representatives of The People asking for and obtaining something which another representative of The People comes later and asks to be annulled. In other words, The People of Porto Rico has appeared in this appeal as both appellant and respondent, prosecuting through the *fiscal* of this court and at the same time defending through its *Fiscal* at Large, one of the signers of the petition for the writ of *habeas corpus*. From the moment when the representatives of The People took up the defense of the officers of the same People, they impliedly waived the right which the law confers upon them to appeal in the name of The People in the event of the discharge of the prisoners as applied for; otherwise they would fall into the anomalous position of being both appellants and respondents and of seeking the reversal and affirmation of a decision at the same time although appearing by different *fiscals*.

For the foregoing reasons we are of the opinion that we have not before us an appeal so brought as to merit our decision and that it should be dismissed, notwithstanding the admission of an *amicus curiæ* who in that capacity is not an appellant.

*Dismissed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.